

**McCARTER & ENGLISH**
ATTORNEYS AT LAW

February 2, 2016

**VIA E-FILING**

The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801-3555

Daniel M. Silver
Partner
T. 302-984-6331
F. 302-691-1260
dsilver@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
T. 302.984.6300
F. 302.984.6399
www.mccarter.com

BOSTON

HARTFORD

STAMFORD

NEW YORK

NEWARK

EAST BRUNSWICK

PHILADELPHIA

WILMINGTON

WASHINGTON, DC

Re: **ELM 3DS Innovations, LLC v. SK Hynix Inc., et al.,
C.A. No. 14-cv-1432-LPS-CJB**

Dear Chief Judge Stark:

We represent the SK hynix Defendants ("SK hynix") in the above-referenced action. We write in advance of the February 12, 2016 teleconference in the above-captioned action to respectfully request an order determining that Plaintiff Elm 3DS Innovations' ("ELM") Disclosure of Asserted Claims and Infringement Contentions ("ICs") do not contain ELM's "confidential" information.[1] The information in its ICs ELM asserts to be its confidential consists solely of ELM's "infringement theories." *See* Dkt. No. 92.[2] ELM has not pointed to any other specific information in the ICs as ELM's confidential information.

First, the law is clear on this issue. "Infringement theories" contained in required disclosures are nothing more than legal argument and do not constitute ELM confidential information. *See Fractus SA v. Samsung Elecs. Co., Ltd.*, Case No. 6:0—xc-00203-LED-JDL, Order Denying Motion for Protective Order, ECF No. 410, at 2 (E.D. Tex. June 7, 2010) ("Plaintiff's analysis of the accused products is merely a legal infringement position and not confidential."); *Constellation LLC v. Avis Budget Group, Inc.*, No. 5:07-cv-38, 2007 WL 7658921, *3 (E.D. Tex. Oct. 30, 2007) (denying protective order for infringement contentions on the basis that they contain patentee's confidential infringement theories) ("*Constellation*"); *see also Gilead Sciences, Inc. v. Sigmapharm Labs.*, Case No. 14-14356, Order to Show Cause, ECF No. 47 (Fed. Cir. Nov. 19, 2014) (marking legal arguments as confidential is

---

[1] The ICs contain excerpts of SK hynix's highly confidential core technical documents. SK hynix contends the excerpts of its core technical documents in the ICs are confidential, but that there is no ELM confidential information in the ICs.

[2] ELM served its ICs on November 11, 2015. D.I. 74. ELM originally claimed both its selection of claims and its infringement theories constitute its confidential information. *See* Exhibit A (12/10/15 email). ELM has now conceded that its claim selection is not confidential and only claims confidentiality as to its "theories" in the ICs. D.I. 92.

ME1 21933091v.1

The Honorable Leonard P. Stark
February 2, 2016
Page 2

subject to sanction because "[n]o good faith reading of our rule could support [a party's] marking of its legal arguments as confidential.").

Second, the public policy is clear on this issue. Allowing ELM to shield its "infringement theories" from the public would circumvent the public notice function of the patent system, limit public scrutiny of the asserted patents, and thereby prevent the public from understanding the true scope of ELM's asserted claims. *Constellation*, 2007 WL 7658921, *3 (de-designation of patentee's infringement contentions would permit "the public [to] better ascertain what [Plaintiff] believes is the scope of its patent," and "allow [] the public to avoid infringing activity and/or acquire a license." 2007 WL 7658921, *3.

The public's interest in fully understanding the US patent system and of the infringement and validity of the asserted patents is not outweighed by a party's desire to avoid making its arguments publicly. Indeed, patents are intended to place the public on notice of what rights to exclude a patentee claims. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129 (2014) ("a patent must be precise enough to afford clear notice of what is claimed, thereby apprising the public of what is still open to them"). By designating its infringement contentions as confidential, ELM subverts that policy and denies other parties and the public the opportunity to evaluate ELM's claims. How ELM reads its claims may allow others to design-around ELM's claims or otherwise avoid infringement thereby spurring innovation and avoiding unnecessary litigation. Further, the possibility that ELM might use the court system to assert frivolous, or inconsistent claims, are the types of issues of particular importance to the ongoing public review of a patentee's claims and of the functioning of the patent system more broadly.

Finally, the balance of interests is clear. ELM claims its interest in keeping its theories from the public is that ELM has made a significant investment of time, money and effort to create those theories and that Elm would not normally share with third parties. This argument is flawed for several reasons, not the least of which is that ELM must necessarily share its infringement theories with third parties in order to enforce its patent rights. ELM's theory is also flawed because ELM's compliance with the Court's Revised Procedures for Managing Patent Cases does not suddenly convert legal arguments to confidential information. *See Acer v. Technology Properties Ltd.*, 2009 WL 1363551 (N.D. Cal. May 14, 2009) ("As Rumpelstiltskin spun straw into gold, so have defendants attempted to spin these publicly available documents into confidential information.").

On the other hand, SK hynix is prejudiced by ELM's designation for at least two reasons. SK hynix cannot freely use the IC in defending against ELM's infringement claims. For example, SK hynix cannot disclose or discuss ELM's infringement theories to third parties, some of which have prior art that could invalidate ELM's asserted claims. A full and open discussion of ELM's theories with these third parties is necessary in searching for and discovering potential

The Honorable Leonard P. Stark
February 2, 2016
Page 3

invalidating references.  Other third parties, such as SK hynix's suppliers, may possess valuable information relevant to SK hynix's non-infringement defenses. SK hynix needs to discuss ELM's infringement theories to fully assert its discovery rights.

　　　Moreover, ELM's improper designation of its ICs as confidential increases SK hynix's costs and burdens with respect to its patent office challenges to the asserted patents.  SK hynix has filed petitions for *inter partes* review with the PTO.  SK hynix believes the infringement contentions would aid the PTO in determining whether to grant SK hynix's petitions, but SK hynix is precluded from attaching portions of the contentions due to ELM's "confidential" designation.  SK hynix would have to undergo burdensome and unnecessary motion practice to seek a protective order and submit material under seal to the PTO.  In addition to the inefficient and unnecessary expense to SK hynix, such a procedure would deprive the public of a full understanding of the issues in front of the PTO.

　　　Consequently, SK hynix respectfully submits that ELM's IC's do not contain ELM confidential information.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc:　Brian E. Farnan (via E-Filing)
　　　Samuel L. Walling (via E-Filing)
　　　Logan J. Drew (via E-Filing)
　　　Kelsey J. Thorkelson (via E-Filing)