

February 4, 2016

**Via E-Filing**
The Honorable Leonard P. Stark
J. Caleb Boggs Federal Building
844 N. King Street
Unit 26, Room 6124
Wilmington, DE 19801-3555

<u>**FILED UNDER SEAL**</u>

RE:  **ELM 3DS Innovations, LLC v. SK Hynix Inc., et al.,**
   <u>**(C.A. No. 14-cv-1432-LPS-CJB)**</u>

Dear Chief Judge Stark:

SK hynix's motion is not supported by the parties' draft protective order or the law, and creates an untenable double-standard with respect to how the parties can use Elm's infringement contentions in this case. As documented in prior and co-pending letters to the Court, SK hynix and the Related Defendants have consistently stymied Elm's attempts to share its own infringement contentions with its "in-house counsel", Ron Epstein. Elm's contention that Mr. Epstein must be afforded some access to Defendants' confidential information in Elm's infringement contentions, so that Elm can make informed decisions about its infringement case, has fallen on deaf ears. Here, however, SK hynix argues that it must be able to share Elm's infringement contentions with third parties and the public at large. According to SK hynix, it is prejudiced by its inability to freely use Elm's infringement contentions in defending against Elm's infringement claims. (D.I. 100 at 2). Put another way, Elm cannot share SK hynix's confidential information with its own in-house counsel in furtherance of its infringement claims, but SK hynix should be able to share Elm's confidential information with the public in furtherance of its non-infringement claims. The Court should reject this further effort to place Elm at a disadvantage, and should hold that Elm's confidentiality designations are proper.

SK hynix is incorrect that "the law is clear" that infringement theories contained in infringement contentions are not confidential information. (D.I. 100 at 1). In actuality, the cases that SK hynix cited in its opening letter show that the correct way for a court to determine whether to designate information confidential is by applying the standard provided in the protective order.  Here, the parties' draft proposed protective order defines confidential information as "all information or material produced for or disclosed in connection with these actions to a receiving party that a producing party . . . considers to comprise confidential technical, sales, marketing, financial, or **other non-public sensitive information**." (¶¶ IV.A, I.A.1). Accordingly, Elm designated its infringement contentions confidential because they contain sensitive, non-public information regarding Elm's infringement theories. Elm's infringement theories are non-public because they constitute information that Elm would not normally share with third parties except in confidence and that Elm would make affirmative efforts to protect from public disclosure. If Elm were to have prepared and presented its infringement theories to a party prior to filing this lawsuit (e.g. to an investor in the lawsuit or to SK hynix in pre-suit negotiations), it would have required that party to sign a non-disclosure agreement. In fact, during discussions with SK hynix, Elm shared infringement theories with SK hynix only with the understanding that those theories would remain confidential. (Jan. 27, 2015 e-mail Walling to Davis, Ex. A). Elm designated requested confidential treatment of this information specifically to protect against the public dissemination of its infringement theories.

The Eastern District of Texas has distinguished the "clear" law on which SK hynix relies. In *ExitExchange Corp. v. Casale Media Inc.*, the court rejected Defendants argument "that Magistrate Judge Love's analysis in *Fractus* is controlling", and held that "documents such as claim charts may contain information that is confidential technical or business information that is not generally known, that would not normally be revealed to third parties, and for which its disclosure would be detrimental to the party's business." Case No. 2:10-cv-00297 (E.D. Tex. May 20, 2011) (hereinafter *ExitExchange I*) (attached hereto as Ex. B).The court therefore denied the defendants' requested inclusion of a provision in the protective order that would have excluded court-mandated infringement contentions from protection. After the protective order was entered, the defendants submitted a motion to remove the confidential designation of the plaintiff's infringement contentions. Again, the court reiterated its position that "the case law cited by Defendants as controlling is distinguishable from the case at hand" and denied the defendants' motion, finding that the infringement contentions met the protective order's definition of confidential information. *ExitExchange Corp. v. Casale Media Inc.*, Case No. 2:10-cv-00297, 2012 U.S. Dist. LEXIS 40000 (E.D. Tex. Mar. 23, 2012) (hereinafter *ExitExchange II*) (attached hereto as Ex. C). Thus, the law does not support SK hynix's blanket statement that infringement contentions do not constitute confidential information.

In arguing that the analysis in *Fractus* prohibited all infringement contentions from being designated confidential, SK hynix repeats the argument rejected in *ExitExchange*. In the *Fractus* case, the court denied the plaintiff's motion to designate its infringement contentions confidential because the protective order explicitly excluded from protection the specific type of information that the plaintiff relied upon in those contentions. *Fractus* at 2. The infringement contentions in *Fractus* were based solely on teardowns of the defendants' products that the plaintiff conducted, and did not include confidential information obtained from the defendants. In denying the requested confidentiality designation, the court followed the standard provided in the protective order, which stated: "Protected Information shall not include . . . information that has been discerned through legal examination of the accused product itself without the use of defendants' Protected, Confidential, or Highly Confidential – Attorney's Eyes Only information." *Id*. The court therefore did not rule that infringement contentions could never be confidential. To the contrary, the court went on to state that "[a] party's contentions may include protected information and thus be appropriately designated confidential, but such information is not included here." *Id*. Thus, the *ExitExchange* court's holding that "Magistrate Judge Love did not allow the plaintiff's contentions to be entitled to a confidentiality designation in [*Fractus*] based on the previously entered protective order." *ExitExchange I* (emphasis in original).[1]

SK hynix's contention that the public notice function of the patent system compels de-designation of Elm's infringement contentions is flawed, as well. (D.I. 100 at 2). SK hynix's

---

[1] Further, although it is unclear from the order that SK hynix cited how the protective order in the *Constellation* case defined confidential information, the court explained that "the proper standard to be applied is set forth in the Court's Protective Order." *Constellation LLC v. Avis Budget Group, Inc.*, No. 5:07-cv-38 at 3 (E.D. Tex. Oct. 30, 2007); *see also ExitExchange II*, 2012 U.S. Dist. LEXIS 40000 at *5 ("This Court's Protective Order provides the governing standard for designating information as confidential."). The *Gilead Sciences* case that SK hynix cites is irrelevant to the issues presented here as it admonishes designating legal arguments contained in an appellate brief as confidential, and does not discuss court-mandated infringement contentions. *Gilead Scis., Inc. v. Sigmapharm Labs.*, Case No. 14-14356, Order to Show Cause, ECF No. 47 (Fed. Cir. Nov. 19, 2014).

argument confuses the public notice function of the patent system with the court system. This is not a patent prosecution. The public notice function of the patent system is therefore not applicable here. Although civil litigation is generally a public proceeding, there are provisions, like those set forth in the draft protective order, for maintaining the confidentiality of certain information. By citing *Nautilus*, which relates to indefiniteness, SK hynix seems to be asking the Court for a ruling that without Elm's preliminary infringement contentions, the public cannot discern the scope of Elm's patents. Such a construct flies in the face of the presumption that patents are valid, and therefore fully described and enabled. It is SK hynix's burden to rebut that presumption by clear and convincing evidence, which it has not presented.

In practical terms, SK hynix has failed to explain a workable way to present Elm's work product to the public while keeping its own information confidential. SK hynix has made it clear that it will retain its own confidentiality designations over the infringement contentions. Elm has submitted under seal a sample excerpt of the thousands of pages of infringement contentions that Elm served on SK hynix (attached hereto as Ex. D). The narrative analysis interwoven with screen shots of SK hynix's CDI constitutes Elm's proprietary and confidential reading of SK hynix's infringement of Elm's claims. Elm's confidential theories and SK hynix's confidential information are intertwined in such a way that it would be nearly impossible to separate them.

SK hynix has also failed to explain why it needs to share Elm's infringement contentions with third parties. SK hynix can seek discovery from third parties, including prior art, without disclosing Elm's infringement theories. SK hynix understands Elm's claimed scope, and can seek prior art falling within that scope without telling third parties why it is seeking such prior art. Similarly, SK hynix can ask its suppliers for information relating to non-infringement without revealing why the information is needed.

SK hynix's argument relating to its inability to submit Elm's infringement contentions in connection with its petitions for *inter partes* review is also unavailing. (D.I. 100 at 3). First, during the Case Management Conference, Magistrate Judge Burke indicated that Court would not consider the patent office proceedings in making decisions relating to the district court litigation. "The PTAB proceeding is a separate proceeding and the parties will have to pursue their rights there on their own." (CMC Tr. 101:6-8, May 18, 2015). When SK hynix filed its petitions, it could have included Elm's infringement contentions by provisionally filing them under seal pursuant to 37 C.F.R. § 42.55, but apparently did not want to go through the relatively simple procedure for confidential filing. Now that the petitions have been filed, SK hynix cannot submit additional information unless the Board decides to institute trial. Thus, SK hynix's argument is now moot. Even if the Board decides to institute trial, SK hynix must request leave to file Elm's infringement contentions under 37 C.F.R. § 42.123. Under § 42.123(a)(2), SK hynix must show that the infringement contentions are "relevant to a claim for which the trial has been instituted." As claim scope will have been decided as part of the Board's decision to institute trial, it is unlikely that the Board will find Elm's infringement contentions relevant. *See Mentor Graphics Corp. v. Synopsys, Inc.*, Case IPR2014-00287, Paper 17 at 3 (PTAB Aug. 1, 2014) (denying Mentor's motion to submit district court preliminary infringement contentions as supplemental information under § 42.123(a) because the only relevance was alleged inconsistency with arguments made by the patent owner in its Patent Owner's Preliminary Response).

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-File)

# Exhibit A

| | |
|---|---|
| **From:** | Walling, Sam L. |
| **Sent:** | Tuesday, January 27, 2015 1:44 PM |
| **To:** | Davis, Harold H. Jr. (Harold.Davis@klgates.com) |
| **Cc:** | ron@epicenterlaw.com; Manning, William H.; Yun Sauer, Christine S. |
| **Subject:** | Elm 3DS - Slides |
| **Attachments:** | Elm - Hynix Negotiations Presentation - Excerpts.pdf |

Hal,

Per our conversation, during today's meetings the parties will exchange materials.  Pursuant to our agreement, these materials will not be used in any way in the litigation between the parties.

Thanks,

Sam.

**Samuel L. Walling | Principal**
612.349.8541 | SLWalling@rkmc.com
**ROBINS KAPLAN LLP**

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| EXITEXCHANGE CORP., | § § § § |
| *Plaintiff*, | § |
| v. | § § CIVIL ACTION NO. 2:10-CV-297-TJW |
| CASALE MEDIA INC., ET AL, | § § § |
| *Defendants*. | § § § |

## <u>ORDER</u>

Before the Court is the parties' motion for a protective order.  (Dkt. No. 208.)  All of the provisions of the protective order were agreed except one.  The parties disagree whether paragraph 4(h) of the proposed protective order, which relates to documents such as claim charts required under P.R. 3-1, should be included in the protective order.  The Court agrees with Plaintiff to not include the paragraph, and the Court issues this Order to briefly explain its reasoning.

In this Court's view, documents such as claim charts may contain information that is confidential technical or business information that is not generally known, that would not normally be revealed to third parties, and for which its disclosure would be detrimental to the party's business.  As Plaintiff points out, the information Plaintiff includes in its claim charts could be used by its competitors to Plaintiff's business detriment.  Further, the Court disagrees with Defendants that Magistrate Judge Love's analysis in *Fractus* is controlling.  *Fractus, S.A. v. Samsung Electronics Co.*, Case No. 6:09-cv-203-LED-JDL, Dkt. No. 410 (E.D. Tex. June 7,

2010).   Magistrate Judge Love did not allow the plaintiff's contentions to be entitled to a confidentiality designation in that case *based on the previously entered protective order.   Id.*   In this case, however, the issue is what to include in the protective order.   Even Magistrate Judge Love observed that "[a] party's contentions may include protected information and thus be appropriately designated confidential, but such information is not included here."   *Id.* at 2.   In addition, the Federal Circuit case of *In re Violation of Rule 28(D)*, which Defendants cite, is also distinguishable.   *In re Violation of Rule 28(D)*, 635 F.3d 1352 (Fed. Cir. 2011).   The improper confidentiality markings in that case included, for example, "case citations and parentheticals describing the cited cases . . . ."   *Id.* at 1360.   Such information is different than the documents and information at issue in this case, which include documents such as claim charts.

Therefore, the Court will allow, generally, documents such as claim charts to be deemed confidential.   However, to the extent Defendants feel that Plaintiff is abusing this ruling, the protective order in paragraph seven allows a party to challenge confidential designations.   The Court is only ruling here that claim charts, *in general*, may be confidential and designated in accordance with the protective order.

It is so ORDERED.

SIGNED this 20th day of May, 2011.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

# Exhibit C

ⓘ Cited
As of: February 4, 2016 3:59 PM EST

# *ExitExchange Corp. v. Casale Media, Inc.*

United States District Court for the Eastern District of Texas, Marshall Division

March 23, 2012, Decided; March 23, 2012, Filed

CIVIL ACTION NO. 2:10-CV-297

**Reporter**
2012 U.S. Dist. LEXIS 40000; 2012 WL 996960

EXITEXCHANGE CORP., Plaintiff, v. CASALE MEDIA INC., ET AL., Defendants.

**Counsel:**  [*1] For ExitExchange Corp., Plaintiff, Counter Defendant: Christin K Cho, LEAD ATTORNEY, Gregory Scott Dovel, Dovel & Luner, Santa Monica, CA; Daymon Jeffrey Rambin, Elizabeth L DeRieux, Sidney Calvin Capshaw, III, Capshaw DeRieux LLP, Gladewater, TX.

For Casale Media, Inc., Optimax Media Delivery LLC, Defendants: Robert C J Tuttle, LEAD ATTORNEY, John E Nemazi, Robert C Brandenburg, Brooks & Kushman PC - Southfield, Southfield, MI; Jennifer Parker Ainsworth, Wilson Robertson & Cornelius PC, Tyler, TX; Robert A Conley, Niro Haller & Niro, Chicago, IL.

For Belo Corp., Belo Interactive, inc., Defendants: Jamil N Alibhai, Kelly P Chen, Munck Wilson Mandala LLP - Dallas, Dallas, TX; Robert A Conley, Niro Haller & Niro, Chicago, IL; Ryan Scott Loveless, Munck Carter LLP - Dallas, Dallas, TX.

For Mediafire LLC, Defendant: Gregory J Casas, LEAD ATTORNEY, John S Rainey, Greenberg Traurig, LLP - Austin, Austin, TX; Anthony F Matheny, Christopher B Payne, Greenberg Traurig - Houston, Houston, TX; Robert A Conley, Niro Haller & Niro, Chicago, IL.

For TrafficMarketplace, Inc., Defendant: Roderick B Williams, LEAD ATTORNEY, James George Warriner, K&L Gates LLP - Austin, Austin, TX; Charles Ainsworth, Parker  [*2] Bunt & Ainsworth, Tyler, TX; Robert A Conley, Niro Haller & Niro, Chicago, IL.

For ValueClick, Inc., Defendant: Brian Erik Haan, PRO HAC VICE, Raymond P Niro, Raymond P Niro, Jr, PRO HAC VICE, Robert A Conley, Niro Haller & Niro, Chicago, IL; Jennifer Parker Ainsworth, Wilson Robertson & Cornelius PC, Tyler, TX.

For The Weather Channel Interactive, Inc., Defendant: Allen Franklin Gardner, Potter Minton, a Professional Corporation, Tyler, TX; Audra A Dial, Michael J Turton, Kilpatrick Townsend & Stockton LLP - Atlanta, Atlanta, GA; John S Pratt, Kilpatrick Stockton LLP - Atlanta, Atlanta, GA; Leroy M Toliver, PRO HAC VICE, Kilpatrick Stockton, Atlanta, GA; Michael E Jones, Potter Minton PC, Tyler, TX; Robert A Conley, Niro Haller & Niro, Chicago, IL.

For West 10 Newspapers, Inc., Defendant: Andy Tindel, Provost Umphrey Law Firm - Tyler, Tyler, TX.

For The Weather Channel Interactive, Inc., Counter Claimant: Allen Franklin Gardner, Potter Minton, a Professional Corporation, Tyler, TX; Audra A Dial, Michael J Turton, Kilpatrick Townsend & Stockton LLP - Atlanta, Atlanta, GA; John S Pratt, Kilpatrick Stockton LLP - Atlanta, Atlanta, GA; Leroy M Toliver, PRO HAC VICE, Kilpatrick Stockton, Atlanta,  [*3] GA.

For Belo Corp., Belo Interactive, inc., Counter Claimants: Jamil N Alibhai, Munck Wilson Mandala LLP - Dallas, Dallas, TX.

For ValueClick, Inc., Counter Claimant: Brian Erik Haan, Raymond P Niro, Raymond P Niro, Jr, Robert A Conley, Niro Haller & Niro, Chicago, IL; Jennifer Parker Ainsworth, Wilson Robertson & Cornelius PC, Tyler, TX.

For Casale Media, Inc., Optimax Media Delivery LLC, Counter Claimants: Robert C J Tuttle, LEAD ATTORNEY, John E Nemazi, Robert C Brandenburg, Brooks & Kushman PC - Southfield, Southfield, MI; Jennifer Parker Ainsworth, Wilson Robertson & Cornelius PC, Tyler, TX.

For The Weather Channel Interactive, Inc., Counter Claimant: Allen Franklin Gardner, Potter Minton, a Professional Corporation, Tyler, TX; Audra A Dial,

2012 U.S. Dist. LEXIS 40000, *4

Michael J Turton, Kilpatrick Townsend & Stockton LLP - Atlanta, Atlanta, GA; John S Pratt, Kilpatrick Stockton LLP - Atlanta, Atlanta, GA; Leroy M Toliver, Kilpatrick Stockton, Atlanta, GA; Michael E Jones, Potter Minton PC, Tyler, TX; Robert A Conley, Niro Haller & Niro, Chicago, IL.

For TrafficMarketplace, Inc., Counter Claimant: Roderick B Williams, LEAD ATTORNEY, James George Warriner, K&L Gates LLP - Austin, Austin, TX; Charles Ainsworth,  [*4] Parker Bunt & Ainsworth, Tyler, TX.

For Mediafire LLC, Counter Claimant: Gregory J Casas, LEAD ATTORNEY, John S Rainey, Greenberg Traurig, LLP - Austin, Austin, TX; Anthony F Matheny, Christopher B Payne, Greenberg Traurig - Houston, Houston, TX.

For Belo Corp., Belo Interactive, inc., Counter Claimants: Jamil N Alibhai, Kelly P Chen, Munck Wilson Mandala LLP - Dallas, Dallas, TX; Ryan Scott Loveless, Munck Carter LLP - Dallas, Dallas, TX.

**Judges:** RODNEY GILSTRAP, UNITED STATES DISTRICT JUDGE.

**Opinion by:** RODNEY GILSTRAP

# Opinion

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Remove Confidential Designation of Claim Charts under Local Patent Rule 3-1 and Resetting Times in Agreed Discovery Order, as filed herein on May 12, 2011. (Dkt. No. 206.) The Court, having considered the same, hereby DENIES Defendants' Motion.

**I. Background**

Defendants urge this Court to remove the confidential designation on the Infringement Contentions exchanged in this case. In particular, Defendants argue that their response to this suit is hampered by the confidential designations of the Infringement Contentions, and that they cannot adequately prepare their defense as long

as the Infringement Contentions remain confidential.  [*5] Plaintiff argues that the Court has already entered a Protective Order in this case which contemplated whether Infringement Contentions should be designated as confidential and which allowed for such designation. Further, Plaintiff argues that the Infringement Contentions meet the definition of what should be deemed confidential, pursuant to the Protective Order, and that Defendants are able to adequately prepare their defense even with the Infringement Contentions designated as confidential.

**II. Legal Standard**

This Court's Protective Order provides the governing standard for designating information as confidential. The Protective Order states that:

> Confidential information shall mean all information ... that constitutes confidential or proprietary technical, scientific, or business information that is not generally known, that would not normally be revealed to third parties, for which its disclosure would be detrimental to the conduct of the designating party's business, and which is not included in the exceptions to eligibility identified below.

Thus, to properly be designated as confidential, the information must be: (1) not generally known, (2) not normally revealed to third parties,  [*6] and (3) detrimental to the conduct of the designating party's business.

**III. Analysis**

*a. Information Not Generally Known*

As this Court previously stated in its Prior Order, the case law cited by Defendants as controlling is distinguishable from the case at hand. [1] The Court finds that such information is confidential business information that is not generally known. Accordingly, the information in question should remain confidential.

*b. Information Not Normally Revealed to Third Parties*

Defendant concedes that information contained in Plaintiff's Infringement Contentions is not normally revealed to third parties.

---

[1]   *See* Dkt. No. 223 for this Court's analysis regarding the applicability to this case of *Fractus, S.A. v. Samsung Electronics Co.*, Case No. 6:09-cv-203-LED-JDL, Dkt. No. 410 (E.D. Tex. June 7, 2010) and *In re Violation of Rule 28(D)*, 635 F.3d 1352 (Fed. Cir. 2011).

2012 U.S. Dist. LEXIS 40000, *6

*c. Information Detrimental to the Conduct of the Designated Party's Business*

In this Court's Prior Order, the Court provided a clear rationale for its ruling to exclude the provision urged by Defendants that would exclude Infringement Contentions from confidential designations as part of the Protective Order in this case.  **[\*7]** In such Prior Order, the Court stated the following:

> "documents such as claim charts may contain information that is confidential technical or business information that is not generally known, that would not normally be revealed to third parties, and for which its disclosure would be detrimental to the party's business. ... [a]s Plaintiff points out, the information Plaintiff includes in its claim charts could be used by its competitors to Plaintiff's business detriment."

Clearly, the Court previously considered Defendants' argument that Plaintiff's business will not suffer based on disclosure of the given information. (*See* Dkt. No. 223.) In response to such argument, this Court has already determined that Plaintiff's business would indeed suffer finding that the information may be used by Plaintiff's competitors. The Court again holds that such information may be detrimental to Plaintiff and its business.

*d. Prejudice to Defendants*

Under the present situation, confidential documents underlying the Infringement Contentions can be reviewed by Defendants' lawyers, Defendants' experts, and two designated employees of each party and further, Defendants can disclose certain confidential information  **[\*8]** with additional employees or third parties with Plaintiff's written consent. Accordingly, the Court finds that Defendants are not prejudiced.

This finding notwithstanding, should Defendants determine as this case proceeds forward that the limited classification of persons who may review the documents underlying Plaintiff's Infringement Contentions proves problematic from their prospective, then Defendants may move the Court to consider additional persons who may review such documents.

**IV. Conclusion**

The Court DENIES Defendants' Motion (Dkt. No. 206) in all respects. However, the parties retain the prerogative to meet and confer with each other as to reasonable modifications to the present Docket Control Order and submit any proposed changes to the Court on either an agreed or opposed basis, from time to time and as the future development of this case might warrant, and in light of this Order.

**So ORDERED and SIGNED this 23rd day of March, 2012.**

/s/ Rodney Gilstrap

RODNEY GILSTRAP

UNITED STATES DISTRICT JUDGE

# Exhibit D

**APPENDIX 43**

*Elm 3DS Innovations LLC v. SK hynix Inc., et al.*, **Case No. 1:14-cv-01432-LPS-CJB**

| Claim | Claim Language | █████████████████ |
|-------|----------------|---------------------|
| 2 | The stacked integrated circuit of claim 1, wherein at least one of the integrated circuits is formed with a low stress dielectric, wherein the low stress dielectric is at least one of a silicon dioxide dielectric and an oxide of silicon dielectric and is caused to have a stress of about 5 x 10$^8$ dynes/cm$^2$ tensile or less. | |

**APPENDIX 43**
*Elm 3DS Innovations LLC v. SK hynix Inc., et al.,* **Case No. 1:14-cv-01432-LPS-CJB**

██████████████████████████████████████

| Claim | Claim Language | ████████████████████ |
|-------|----------------|----------------------|
|       |                | ████████████████████████████████ |
|       |                | ████████ |
|       |                | █████████████████████████████ |
|       |                | ████████████████████████████ |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**APPENDIX 43**
*Elm 3DS Innovations LLC v. SK hynix Inc., et al.,* **Case No. 1:14-cv-01432-LPS-CJB**



| Claim | Claim Language | |
|-------|----------------|---|

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

5

**APPENDIX 43**

*Elm 3DS Innovations LLC v. SK hynix Inc., et al.,* **Case No. 1:14-cv-01432-LPS-CJB**

████████████████████████████████

| Claim | Claim Language | ███████████████ |
|-------|----------------|-----------------|
|       |                | ████████████████████████ |
|       |                | ████████████████████████ |
|       |                | ████████████████████████ |
|       |                | ████████████████████████ |
|       |                | ████████ |
|       |                | ████████████████████████ |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**APPENDIX 43**

*Elm 3DS Innovations LLC v. SK hynix Inc., et al.,* **Case No. 1:14-cv-01432-LPS-CJB**

| Claim | Claim Language | |
|-------|----------------|---|
| | | |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

7

**APPENDIX 43**

*Elm 3DS Innovations LLC v. SK hynix Inc., et al.*, **Case No. 1:14-cv-01432-LPS-CJB**

███████████████████████████

| Claim | Claim Language | ████████████ |
|-------|---------------|-------------|
|  |  | ████████ |
|  |  | ████████████████████████████████ |
|  |  | ████████████████████████████████ |
|  |  | ███████ |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**APPENDIX 43**
*Elm 3DS Innovations LLC v. SK hynix Inc., et al.,* **Case No. 1:14-cv-01432-LPS-CJB**

| Claim | Claim Language | |
|-------|----------------|---|
| | | |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**APPENDIX 43**

*Elm 3DS Innovations LLC v. SK hynix Inc., et al.,* **Case No. 1:14-cv-01432-LPS-CJB**

| Claim | Claim Language | |
|-------|----------------|---|
| | | |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**APPENDIX 43**
*Elm 3DS Innovations LLC v. SK hynix Inc., et al.*, **Case No. 1:14-cv-01432-LPS-CJB**



| Claim | Claim Language | |
|-------|---------------|---|
| | | |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**APPENDIX 43**
*Elm 3DS Innovations LLC v. SK hynix Inc., et al.,* **Case No. 1:14-cv-01432-LPS-CJB**



| Claim | Claim Language | |
|-------|----------------|--|
| | | |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**APPENDIX 43**

*Elm 3DS Innovations LLC v. SK hynix Inc., et al.*, **Case No. 1:14-cv-01432-LPS-CJB**

███████████████████████████████████

| Claim | Claim Language | ███████████████████ |
|-------|----------------|---------------------|
|       |                | ██████████████████████████████████████████████████████ |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**APPENDIX 43**

*Elm 3DS Innovations LLC v. SK hynix Inc., et al.,* **Case No. 1:14-cv-01432-LPS-CJB**



| Claim | Claim Language | |
|-------|----------------|---|
| | | |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**APPENDIX 43**

*Elm 3DS Innovations LLC v. SK hynix Inc., et al.*, **Case No. 1:14-cv-01432-LPS-CJB**

████████████████████████████████████

| Claim | Claim Language | ██████████████████ |
|-------|----------------|--------------------|
| | | ██████████████████████████████████████ ██████████████████████ ████████████ ██████████████ |
| 3 | The stacked integrated circuit of claim 2, wherein the at least one of the first integrated circuit and the one or more additional integrated circuits comprises integrated circuitry defining an integrated circuit die having an area, wherein the substrate of the at least one of the first integrated circuit | - |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**