IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELM 3DS INNOVATIONS, LLC, a Delaware limited liability company,<br><br>      Plaintiff,<br><br>v.<br><br>SK HYNIX INC., SK HYNIXAMERICA, INC., HYNIXSEMICONDUCTOR MANUFACTURING AMERICA, INC., and SK HYNIX MEMORY SOLUTIONS INC.,<br><br>      Defendants. | Civil Action No. 14-1432-LPS-CJB |

**MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Burke issued a 10-page Report and Recommendation ("Report") (D.I. 65), dated October 16, 2015, recommending that Defendants' Motion to Dismiss Plaintiff's Pre-Suit Induced Infringement Claims ("Motion") (D.I. 24) be denied;

WHEREAS, on November 2, 2015, Defendants objected to the Report ("Objections") (D.I. 70), arguing that the Report erred in finding that Plaintiff's factual allegations provided a plausible basis for inferring induced infringement because it incorrectly concluded that Defendants had actual knowledge of the '239 patent before this lawsuit was filed;

WHEREAS, on November 19, 2015, Plaintiff responded to the Objections (D.I. 83), arguing that (1) the Report made neither factual nor legal errors and (2) Plaintiff's complaint alleged facts sufficient to support a plausible allegation of induced infringement;

WHEREAS, the Court has considered Defendant's Motion *de novo*, as it presents case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed

all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's Objections are OVERRULED, Judge Burke's Report is ADOPTED, and Defendants' Motion (D.I. 24) is DENIED.

2. Defendants argue that the Report's actual knowledge analysis improperly gave weight to Defendants' competitors' knowledge of the patents-in-suit. The Court disagrees. Defendants are correct that numerous cases have found that factual allegations based on general participation in a relevant market may not form a basis for inferring actual knowledge of a particular patent. *See, e.g., EON Corp. IP Holdings*, 802 F. Supp. 2d 527, 533-534 (declining to infer actual knowledge from fact that sophisticated market participant would likely have learned of patent through reasonable due diligence); *MONEC Holding*, 897 F. Supp. 2d 225, 233 (participation as "reasonable economic actor[s] and competitor[s]" in same technologically-based industry is insufficient to establish actual knowledge); *SoftView LLC v. Apple Inc.*, 2012 WL 3061027, at *6 (D. Del. July 26, 2012) (widespread knowledge of third-party litigation involving patent does not make actual knowledge plausible). Yet every case must be evaluated on its own merits. Here, Plaintiff argues not that participation in the relevant market would have given Defendants merely incentives or opportunities to know about the patent, but, rather, that Defendants' knowledge may be inferred from their participation in the semiconductor market where, allegedly, the existence of the patent-in-suit was common knowledge. Defendants' participation in an industry group that was working to standardize technologies related to the patents-in-suit is a specific factual allegation further supporting Defendants' knowledge of the patent. The Court cannot say at this stage that these well-pleaded factual allegations do not

plausibly allege Defendants' knowledge. Hence, the Court finds no error in Judge Burke's conclusion. *Investpic, LLC v. FactSet Research Sys., Inc.*, 2011 WL 4591078, at *2 (D. Del. Sept. 30, 2011).

3. Defendants argue that the Report's actual knowledge analysis gave improper weight to Defendants' knowledge of the '239 patent's parent. The Court finds it unnecessary to consider this argument because even were this found to be error it would not alter the Court's conclusion to deny the motion to dismiss.

4. Defendants argue that the Report erred in finding that the complaint sufficiently alleged Defendants' knowledge of and specific intent to induce infringement. The Court disagrees, for the reasons outlined in the Report. (D.I. 65 at ¶¶ 13-14)

5. Defendants also argue that the Report erred in finding that Plaintiff was not required to make entity-specific factual allegations. The Court disagrees, for the reasons outlined in the Report. (D.I. 65 at ¶ 15)

6. The Court agrees with the Report's statement that "[i]n the end," the Motion presents "a very close call." (D.I. 65 at ¶ 12) Yet the Court also agrees with the Report that "considered as a whole," the allegations in the complaint "render it at least *plausible*" that Defendants were "aware of the '239 patent and its claims as of the date of the patent's issuance." (*Id.*) Accordingly, again, the Motion (D.I. 24) is DENIED.

March 31, 2016  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE